IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CLYDE J. FRANKS                                                                    PLAINTIFF

vs.                                          Civil No. 3:09-cv-03049

MICHAEL J. ASTRUE                                                              DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Clyde J. Franks ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF. No. 6.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed his applications for DIB and SSI on December 5, 2003.  (Tr. 287, 429).  Plaintiff alleged he was disabled due to back problems, joint pain, and breathing problems.  (Tr. 314).  At his hearing, Plaintiff amended his alleged an onset date to January 1, 2005.  (Tr. 196).  These applications were initially denied on April 21, 2004 and were denied again on reconsideration

---

[1] The docket numbers for this case are referenced by the designation "ECF No."  The transcript pages for this case are referenced by the designation "Tr."

on July 8, 2004.  (Tr. 196).

On August 13, 2004, Plaintiff requested an administrative hearing on his applications.  (Tr. 196).  This hearing was held on April 12, 2007 in Harrison, Arkansas.  (Tr. 444-474).  Plaintiff was present and was represented by counsel, Frederick Spencer, at this hearing.  *See id.*  Plaintiff and Vocational Expert ("VE") Tanya Owen testified at this hearing.  *See id*.  On the date of this hearing, Plaintiff was sixty-two (62) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e) (2009), and had GED.  (Tr. 463).

On April 27, 2007, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI.  (Tr. 196-206).  The ALJ determined the evidence was insufficient to determine if Plaintiff had engaged in Substantial Gainful Activity ("SGA") since January 1, 2005.  This was based on the fact that Plaintiff had earnings of $9,652.00 in 2006 and $8,772.00 in 2007.  (Tr. 198, Finding 2).  The ALJ determined Plaintiff had the severe impairments of degenerative disc disease in his lumbar spine and right carpel tunnel syndrome.  (Tr. 199, Finding 3).  The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 202, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC.  (Tr. 202-205).  First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 and found his claimed limitations were not totally credible.  (Tr. 203).  Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, Plaintiff retained the RFC to lift or carry less than ten pounds frequently or twenty pounds occasionally; and

can only occasionally climb, balance, kneel, crouch, crawl and stoop. The ALJ also found Plaintiff was limited in his ability to push or pull with his upper extremities. (Tr. 202, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and his ability to perform that work and other work in the national economy. (Tr. 205, Finding 6). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 446-450, 456-459, 464-466, 468-474). Based upon this testimony, the ALJ determined, considering his RFC, Plaintiff would be able to perform his PRW as a tree service supervisor. (Tr. 205, Finding 6). Thereafter, the ALJ determined Plaintiff had not been under a disability as defined by the Act from January 1, 2005, through the date of the ALJ's decision of April 27, 2007. (Tr. 205, Finding 7).

On June 22, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 191). *See* 20 C.F.R. § 404.968. On May 15, 2009, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 184-186). On July 14, 2009, Plaintiff filed the present appeal. ECF. No. 1. The parties consented to the jurisdiction of this Court on October 19, 2009. ECF. No. 2. Both parties have filed appeal briefs. ECF. Nos. 10, 11. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming: (1) the ALJ failed to properly consider the combined effects of Plaintiff's impairments, (2) the ALJ erred in his evaluation of Plaintiff's subjective complaints of pain and erred in his evaluation of Plaintiff's credibility, (3) the ALJ erred in his determination of Plaintiff's ability to perform his PRW, and (4) the ALJ failed to properly develop the record. In response, Defendant argues: (1) the ALJ properly consider the combined effects of Plaintiff's impairments, (2) the ALJ properly considered Plaintiff's subjective complaints of pain, (3) the ALJ properly determined Plaintiff's ability to perform his PRW, and (4) the ALJ properly developed the record.

**A. Combination of Impairments**

Plaintiff argues the ALJ erred by failing to consider all of his impairments in combination. However, under the facts in the present case and after a thorough review of the ALJ's opinion and the record in this case, this Court finds the ALJ properly considered Plaintiff's impairments in combination.

The Social Security Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523 (2006). In the present action, in reviewing

5

these claimed impairments, the ALJ stated Plaintiff "does not have an impairment or *combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.*" (Tr. 202, Finding 4) (emphasis added). The ALJ also evaluated Plaintiff's medical records, examined Plaintiff's impairments, and found Plaintiff had a combination of severe impairments. (Tr. 199-202). These statements are sufficient under Eighth Circuit precedent to establish that the ALJ properly considered the combined effect of a claimant's impairments. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments).

Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly considered Plaintiff's impairments in combination. Plaintiff has alleged he suffers from a number of impairments. However, this Court is not required to find a claimant is disabled simply because he or she has alleged a long list of medical problems. The ALJ's opinion sufficiently indicates the ALJ properly considered the combined effects of Plaintiff's impairments, and the ALJ properly considered the severity of the combination of Plaintiff's impairments. *See Hajek,* 30 F.3d at 92.

### B. Credibility Determination

Plaintiff claims the ALJ erred in evaluating his subjective complaints. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979,

*See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's

---

983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

subjective complaints. In his opinion, the ALJ addressed the factors of 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 202-205). Specifically, the ALJ noted the following: (1) the medical record showed significant gaps in Plaintiff's medical treatment, (2) although Plaintiff alleged he was unable to afford medical care, there is no evidence that medical personnel refused or denied treatment to Plaintiff due to a lack of financial resources or that he contacted charitable organizations for medical care, (3) Plaintiff's daily activities are inconsistent with his subjective complaints of pain. These include personal care, doing home repairs, going shopping, driving, and fishing, and (4) Plaintiff's lack of use of prescription pain medicine is inconsistent with his complaints of pain. (Tr. 202-205).

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

### C. PRW Determination

Plaintiff claims substantial evidence does not support the ALJ's finding that Plaintiff could perform his PRW. Defendant claims substantial evidence supports the ALJ's decision that Plaintiff has the RFC to perform his PRW as a tree service supervisor.

This Court finds the ALJ's determination that Plaintiff has the RFC to perform his PRW is supported by substantial evidence and in making that determination, the ALJ provided a sufficient basis for his determination. Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir.

2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

The ALJ found Plaintiff retained the RFC to lift or carry less than ten pounds frequently or twenty pounds occasionally; and can only occasionally climb, balance, kneel, crouch, crawl and stoop. The ALJ also found Plaintiff was limited in his ability to push or pull with his upper extremities. (Tr. 202, Finding 5). The ALJ went on to find Plaintiff's PRW as a tree service supervisor did not require performance of work-related activities precluded by the Plaintiff's RFC. (Tr. 205). As a result, the ALJ determined Plaintiff had not been under a disability at anytime through the date of his decision. (Tr. 205).

Plaintiff argues the Orthopedic Evaluation and Report of Dr. Ted Honghiran, which was prepared on December 27, 2006, contradicts the findings of the ALJ regarding his ability to perform his PRW because Dr. Honghiran stated Plaintiff would not be able to return to his previous occupation as a tree cutter. (Tr. 423). However, this opinion by Dr. Honghiran does not contradict

9

the VE's testimony or the ALJ's finding that Plaintiff could perform his PRW as a tree service supervisor. (Tr. 423).

As a tree service supervisor, Plaintiff would not be required to do the physical duties of a tree cutter. As Plaintiff described his work as a tree service supervisor, he would receive calls from customers and send out employees with a truck and equipment to perform the tree cutting. (Tr. 448-449, 465). Plaintiff indicated he would go to the job site if there was something he needed to show the tree cutting crew. Plaintiff would sharpen a saw or go get lunch for the crew. (Tr. 465-466). Additionally, Plaintiff would collect the money for the job and pay the crew. (Tr. 466).

According to Plaintiff's testimony, his PRW as a tree service supervisor did not require the physical exertion of a tree cutter. As testified by the VE, Plaintiff's work as described fit the work of a tree service supervisor DOT # 408.131-010, which is rated light level work, and is consistent with the ALJ's RFC determination. (Tr. 467).

Further support for the ALJ's decision regarding Plaintiff's ability to perform his PRW is based on Plaintiff's testimony that he was still eliciting tree cutting jobs as of the date of his hearing on April 12, 2007. (Tr. 448-449, 465-466). While Plaintiff's work activity has not amounted to SGA since 2005, he did have earnings of $9,652.00 in 2006 and $8,772.00 in 2007. (Tr. 198).

There is substantial evidence of record to support the ALJ's RFC finding and conclusion, based upon proper VE testimony, that Plaintiff remains capable of performing his PRW as a tree service supervisor.

### D. Duty to Fully Develop the Record

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v.*

*Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974).

In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff argues the ALJ should have obtained a consultative orthopedic examination, and as a result of not doing so, the ALJ failed in the duty to properly develop the record. Defendant argues substantial evidence shows the ALJ met his duty to fairly develop the record.

To begin with, Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). Furthermore, consultative orthopaedic examinations were conducted on Plaintiff. On March 24, 2004 Plaintiff was seen by orthopedist Dr. Charles Varela who prepared a Disability Determination Evaluation. (Tr. 382-382). Additionally, on December 27, 2006 Plaintiff was seen by orthopedist Dr. Ted Honghiran for an Orthopedic Examination and Report. (Tr. 422-428). The ALJ gave full consideration to the reports of Drs. Honghiran and Varela in assessing Plaintiff's credibility and RFC. (Tr. 199-205).

Finally, Plaintiff has failed to show he was in anyway prejudiced or treated unfairly by the ALJ, if the record was not in fact fully and fairly developed.

I find the ALJ satisfied his duty to fully and fairly develop the record in this matter.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **7th day of September, 2010.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE